UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHNNIE B. WILLIAMS, SR., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01768-JMS-KMB |
| | ) | |
| TONY SKINNER and DAWN JOHNSON, | ) | |
| | ) | |
| *Defendants*. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Johnnie B. Williams, Sr. is a prisoner currently incarcerated at the Delaware County Jail (the "Jail"). He filed this lawsuit in state court alleging that inmates at the Jail are not provided with sufficient nutrition. [Filing No. 1-1.] Because he alleged a violation of his federal rights, the Defendants removed the case to this Court. [Filing No. 1.] This Court must therefore screen the complaint before service on the Defendants. 28 U.S.C. § 1915A(a), (c).

## I.
### SCREENING STANDARD

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

1

678 (2009).  The Court construes pro se complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
### THE COMPLAINT

Mr. Williams sues Delaware County Sheriff Tony Skinner and the Jail Head Matron Dawn Johnson.  His factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).  Mr. William alleges that the Jail serves well below the average recommended daily intake of calories and that the Jail does this to save money and to force inmates to purchase food from the commissary.  Mr. Williams alleges that these actions violate the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment, as well as the Indiana Constitution.  He further contends that these actions constitute price gouging under Indiana law, which can be enforced by the Indiana Attorney General.  Mr. Williams does not clearly identify the relief he seeks.

## III.
### DISCUSSION

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

"[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted).  "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.*  For a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County, Ill.*, 40

F.4th 824, 828 (7th Cir. 2022).  Because Mr. Williams has not stated any allegations that connect either Sheriff Skinner or Head Matron Johnson to the alleged denial of nutrition, he has failed to state a claim for relief against these Defendants.

In addition, to the extent Mr. Williams appears to assert state law claims under the Indiana Constitution, there is no private right of action for money damages based on the Indiana Constitution.  *See Smith v. Ind. Dep't of Corr.*, 871 N.E.2d 975, 985-86 (Ind. Ct. App. 2007). Because the Court has been unable to identify a viable claim for relief against any particular Defendant, the Complaint is subject to dismissal.

## IV.
### OPPORTUNITY TO FILE AN AMENDED COMPLAINT

The dismissal of the Complaint will not in this instance lead to the dismissal of the action at present.  "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).  In the interest of justice, the court will allow plaintiff to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made.  *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through June 10, 2025, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.  In organizing his

amended complaint, the plaintiff may benefit from utilizing the Court's complaint form.  The **CLERK IS DIRECTED** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 1:24-cv-1768-JMS-KMB and the words "Amended Complaint" on the first page.  The amended complaint will completely replace the original.  *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").  Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b).  If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 5/13/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

JOHNNIE B. WILLIAMS, SR.
Delaware County Jail
3100 S. Tillotson Ave.
Muncie, IN 47302